## Wood *v.* Willey *et al.*, Commissioners.

### Opinion delivered July 7, 1919.

Roads and road districts—organization—failure of act to provide for assessments against betterments.—An act of the General Assembly of 1919 intending to create the Grady and Arkansas River Road Improvement District of Lincoln and Jefferson Counties, *held* void for failure of the act to provide any machinery to assess against the betterment of the Jefferson County lands their proportionate share of the cost of the improvement.

Appeal from Lincoln Chancery Court; *John M. Elliott,* Chancellor; reversed.

*John F. Clifford,* for appellant.

The act is void; the district embraces lands not only in Lincoln County but in Jefferson County. This is a legislative finding that the Jefferson lands will be benefited and the lands should be taxed also. 48 Ark. 370; 86 *Id.* 231. The county court of Lincoln County cannot tax lands outside the limits of that county. 115 Ark. 438. If it could levy the tax, no machinery is provided for getting the tax extended on the tax books of Jefferson County, nor for issuing a warrant to collect.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. The act furnishes adequate working machinery by which the purpose of the Legislature can be carried out. Any person or body of persons can levy a tax if selected as an agency by the Legislature. This is purely a ministerial function. 111 Ark. 150; 96 *Id.* 410; 104 *Id.* 425.

2. The county court of Lincoln County can be invested with the power to levy taxes, even in Jefferson County. Cases *supra.* There is no defect in the act.

SMITH, J. An act was passed at the 1919 session of the General Assembly entitled "An act to create Grady and Arkansas River Road Improvement District of Lincoln and Jefferson Counties."Acts 1919, No. 509, 2 Vol. Road Laws, p. 2009. The act defines the territory which would be benefited by the proposed improvement, the bulk of the lands being in Lincoln County and the remainder in Jefferson County. Appellant is the owner of property in the proposed district and brought this suit to restrain the commissioners of the district from issuing bonds to construct the roads there proposed. The basis of his attack on the act is that there is a legislative finding that the lands described, which lie in both counties, will be benefited but provision is made only for taxing the lands in Lincoln County.

Counsel for appellant says that the act creating the district was evidently prepared with the view to embracing only lands in Lincoln County and that it was afterwards amended to include lands in Jefferson County without an alteration of its structure, and that in consequence it fails to make provision for taxing the lands in Jefferson County or collecting the tax if levied. Without conceding this to be true, counsel for the commissioners contend that it is immaterial, if true, as adequate machinery was provided by the act to enforce the payment of the tax against the lands in each of the counties.

Section 9 of the act provides that the county court shall, at the time that the assessment of benefits is filed,

enter upon its records an order, which shall have all the force of a judgment, providing that there shall be assessed upon the real property of the district a tax sufficient to pay the estimated cost of the improvement; and counsel for the district says that this section authorizes the county courts of the respective counties to levy the proportionate part of the tax to be paid by the lands in each county, and, second, that if this be not true, and if only the county court of Lincoln County is authorized to levy the tax, the act should not be held invalid on that account, as the Legislature might authorize any person of sound mind to levy the tax and could, therefore, constitute the county court of Lincoln County as an agency with that authority. The correctness of these contentions present the issues to be decided.

There is every indication that this act was drawn originally to embrace only lands in Lincoln County and that it was amended to include lands in Jefferson County without an alteration of its structure as contended by counsel for appellant. For instance, section 4 provides that the commissioners shall file their plans, after they have been approved by the State Highway Department, with the county clerk of Lincoln County and that the county court of that county may approve the report or may change the plans as it finds necessary. Section 7 provides that the assessment of benefits of said district shall be "filed with the county clerk of Lincoln County," and that the secretary of the board of commissioners shall thereupon give notice by publication for two weeks "in a newspaper published and having a *bona fide* circulation in that county."

The form of this notice is set out in the act and concludes with the statement that "All persons wishing to be heard on said assessment will be heard by the commissioners of said district at the circuit court room at Star City, in Lincoln County, on the — day of —, 19—."

No provision is made for giving notice in Jefferson County. Section 7 further provides that after the commissioners have met to equalize the assessments pursu-

ant to the notice to that effect their action shall be final "unless suit is brought in the chancery court of Lincoln County within thirty days thereafter to set aside their findings."

As stated above, section 9 provides that the county court shall at the time that the assessment of benefits is filed enter an order upon its records that there shall be assessed upon the real property of the district a tax sufficient to pay the estimated cost of the improvement. This can mean only the county court of Lincoln County, because the assessments are filed there and nowhere else. The language of section 10 of the act is as follows: "When levies of assessments of benefits are made by said county court, the land owners shall have the privilege of paying the same in full within thirty days after the levy becomes final * * * ." The language quoted shows that action by one court only was contemplated, and this view is reinforced by the reading of section 11 as follows: "The amount of the taxes herein provided for shall be annually extended upon the tax books of the county * * * ."

We conclude, therefore, that the county court of Jefferson County has no function to perform in the creation of this district or the levy of the tax.

The statement of counsel for the commissioners that the levying of the tax is a ministerial function which may be discharged by any person of sound mind is necessarily subject to the qualification that that person has been thereto properly authorized to levy the tax. So that if it be conceded that the county court of Lincoln County might levy the tax on lands in Jefferson County if authorized so to do by the Legislature, it is certain it cannot do so in the absence of that authority. We are not, therefore, called upon to decide whether the county court of Lincoln County could be constituted an agency to assess all the lands of the entire district, as it was in fact constituted an agency to assess only the lands in Lincoln County.

It follows, therefore, that no machinery has been provided to assess against the betterment of the Jefferson County lands their proportionate share of the cost of the improvement and the act necessarily falls on that account.

The decree of the court below sustaining the demurrer to appellant's complaint is, therefore, reversed and the cause will be remanded with directions to overrule the demurrer.