KECK v. NORTHCUTT.

Opinion delivered June 21, 1920.

HIGHWAYS—ROAD DISTRICT—FILING ASSESSMENT OF BENEFITS.—Acts of special session of 1920, No. 266, creating Fulton and Izard Improvement District No. 4, to build and maintain a highway in Fulton and Izard counties, is not void for ambiguity in providing, in section 8, that the assessment of benefits of said district shall be filed with the county clerks of said counties; the intention being that the assessment of benefits on lands in each county shall be filed with the clerk of such county.

Appeal from Fulton Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*Oscar E. Ellis,* for appellant.

Act 266, Acts 1919, special session, is void and unenforceable because the county court intended by it to

make the order creating the road district and the court was without jurisdiction to make the order, for no county court can make an order having any effect upon lands within the territory of another county court. The act is void for ambiguity of sections 8 and 10 also.

*Geo. T. Humphries, Perry C. Godwin* and *E. E. Godwin,* for appellees.

The whole act should be construed together, and, so doing, it is thoroughly enforceable, and there is no ambiguity in §§ 8 and 10 of said act, and the demurrer was properly sustained.

SMITH, J. This suit questions the validity of act No. 266 of the special session of the General Assembly of 1920. It is said that the act is void because of the ambiguity of sections 8 and 10 thereof.

By section 1 of the act it is provided that the persons made defendant herein shall be commissioners of the Fulton and Izard Improvement District No. 4, and creates said improvement district for the purpose of building and maintaining a highway in Fulton and Izard counties. It also provides that two of the three commissioners shall be residents of Fulton County and own property within the district, and that the other commissioner shall be a resident of Izard County, and shall own property within the district. Section 2 of the act provides that the road to be constructed and repaired shall begin at Calico Rock in Izard County and shall run in a certain direction to certain other towns and on to the town of Salem in Fulton County. Section 3 provides which lands are within the district; and section 8 provides that the commissioners shall assess the lands within the district, and shall inscribe same within a book and assess the value of the benefit to each tract and enter the same opposite the description, and shall also enter therein the names of the supposed owners.

Section 8 reads as follows: "Section 8. The assessment of benefits of said district shall be filed with the county clerks of said counties, and the secretary of

the board shall thereupon give notice of its filing by publication for two weeks in a newspaper published and having a *bona fide* circulation in that county. This notice may be in the following form:

"ROAD IMPROVEMENT DISTRICT No.

"Notice is hereby given that the assessment of benefits and damages of the above district has been filed in this office of the county clerk of.................................................county, where it is open to inspection.

"The following lands not embraced in the district, as originally laid out, have been assessed for the improvement:

"(Here will follow a description of the lands beyond the borders of the district which have been assessed.)

"All persons wishing to be heard on said assessment will be heard by the commissioners of said district at the county court room at...........................................on the .................day of...................................19...........

"..................................................................

"Secretary.

"On the day named in said notice, it shall be the duty of the commissioners to meet at the place named, and to hear all complaints against said assessments, and to equalize and adjust the same, and their determination shall be final, unless suit is brought in the chancery court of the county where the lands lie within thirty days thereafter to set aside their finding."

Section 10 reads as follows: "Section 10. The county court shall, at the time that the assessment of benefits is filed, or at any time subsequent, enter upon its records an order, which shall have all the force of a judgment, providing that there shall be assessed upon the real property of the district a tax sufficient to pay the estimated cost of the improvement, with ten per cent. added for unforeseen contingencies, which tax is to be paid by the real property in the district in proportion to the amount of the assessment of benefits

thereon, and which is to be paid in annual installments, payable not to exceed ten per cent. for any one year, as provided in such order. The tax so levied shall be a lien upon all the real property in the district from the time that the same is levied, and shall be entitled to preference over all demands, executions, incumbrances or liens whensoever created, and shall continue until such assessment, with any penalty and cost that may accrue thereon, shall have been paid. The remedy against such levy of taxes shall be by appeal, and such appeal must be taken and perfected within twenty days from the time that said levy has been made, and on such appeal, the presumption shall be in favor of the legality of the tax.''

It is insisted that section 8 is so ambiguous as to render the act void, and that the act must fall with that section. It is objected that section 8 does not specify where the assessments shall be filed, nor in what county notice thereof shall be given, and that it can not be ascertained in which county the hearing provided for on the assessments will be had.

There are parts of two counties in the improvement district, and section 8 provides that ''The assessment of benefits of said district shall be filed with the county clerks of said counties.'' The ordinary, and, we think, fair, interpretation of this language is that there shall be an assessment of the lands of each county, and that each of these assessments shall be filed with the county clerks of the respective counties, the assessment for Fulton County with the county clerk of that county, and the assessment for Izard County with the county clerk of that county.

After the assessments have been made and filed, the act provides that ''the secretary of the board shall thereupon give notice of its filing by publication in a newspaper published in that county,'' that is, that notice shall be given in Fulton County of the assessment in that county, and notice shall be given in Izard County of the assessment in that county.

This construction of the act is reinforced by the form of the notice provided for by section 8. This notice was, of course, intended to be given in both counties, and in the form prescribed in the act a blank space appears in which the names of the respective counties could be inserted, and another blank space was left for the insertion of the names of the respective county seats, the hearing in each case to be in the county court room of the respective counties. *Wood* v. *Willey,* 139 Ark. 586.

The objection to section 10 is that it provides that "the county court shall make an order, having the force and effect of a judgment, providing that there shall be assessed upon the real property of the district a tax sufficient to pay the estimated cost of the improvement," etc., without specifying which court shall perform that function. If we have correctly construed section 8, the objection to section 10 vanishes, for the county court of each county will extend the assessments against the lands of that county unless, as provided by section 8, the chancery court shall, within thirty days after the commissioners have given the property owners the hearing there provided for, set aside the finding of the commissioners on the assessments.

The court below, therefore, properly sustained the demurrer to the complaint attacking the district upon the grounds stated above, and the decree so ordering is affirmed.