### Mitchell *v.* Jimmerson.

Opinion delivered October 1, 1923.

Highways—creation of road improvement district—repeal.—Acts
1920, No. 209, created Road Improvement District No. 15,
embracing territory in the Northern Judicial District of Wood-
ruff County, and provided that the assessments of benefits should
be extended on the taxbooks of such district and collected therein.
Acts 1923, No. 111, created the Central Judicial District of
Woodruff County, embracing in its territory a part of the road

district, and providing that all taxes on property in the Central Judicial District should be extended on a taxbook for that district and collected therein. *Held* that the latter act did not repeal the former, but that the assessments on lands within the Central Judicial District should be extended and collected in such district.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins*, Chancellor; reversed.

*H. M. Woods* and *J. F. Summers*, for appellant.

Act 111 (1923) creating the Central District did not repeal or destroy Act 209 (1920) creating Road District 15. The case in 139 Ark. 586, relied upon by appellee, is not decisive of the issue here, as that case involved lands in different counties, where no provision was made for the assessment of betterments in one county. The lands in District 15 were originally all located in the Northern District of Woodruff County, and the creation of the Central District (Act 111, 1923) did not destroy the constitutional unity of the county. *Bonner* v. *Jackson*, 158 Ark. 526. The fact that act 209 provides for the extension of taxes on the books in the Northern District should be construed to mean the district wherein the land lies. Statutes should be construed so as to harmonize them and carry out the object which the Legislature had in view. Endlich, Int. Stat. § 73; 48 Ark. 305.

*W. J. Dungan*, for appellee.

It is the duty of the court to construe laws as enacted. 47 Ark. 404. Where no inconvenience will follow, a literal interpretation of a statute should be made. 46 Ark. 159. There is an irreconcilable conflict between § 11, act 209 (1920), and § 19, act 111 (1923), and the later statute must prevail. If there was ever sufficient machinery for the enforcement of act 209, it was destroyed by act 111, creating the Central District, and the case at 139 Ark., p. 586, is decisive.

WOOD, J. By act No. 209 of the Acts of 1920, Road Improvement District No. 15 was created, embracing territory which was all in the Northern District of

Woodruff County. By act No. 111 of the Acts of 1923 the Central Judicial District of Woodruff County was created, embracing in its territory a part of the territory that was formerly in Road Improvement District No. 15 created by Act 209. Section 11 of act 209 creating the Northern District provides that the taxes on the assessed benefits shall be extended on the taxbooks for the Northern District and collected therein. Section 19 of act 111 provides that all taxes on property in the Central District shall be extended on the taxbooks for that district and collected therein.

Appellee instituted this action against the clerk of Woodruff County. In his complaint he alleged that he was a landowner of lands situated in the Central District of Woodruff County, and which land was also in the Northern District, which land he described in his complaint. He set up that, by act 209 creating Road Improvement District No. 15, it is specifically provided that the taxes thereon shall be collected in the Northern District; that the assessors of that district had assessed the benefits against his lands and the county court of Woodruff County had levied assessments on these benefits and directed the extension of taxes thereon; that a contract had been let for the construction of the work to be done in District No. 15, and that the defendant, the clerk of the county court, was about to extend the taxes on plaintiff's land on the taxbooks of Woodruff County; that there was no authority in law for such extension, because, by the provisions of act 111 of the Acts of 1923, it is provided "that three judicial districts of Woodruff County shall be as if they were separate counties;" that by § 19 of act 111 it is provided that the taxbooks shall be made for each judicial district and the taxes collected thereon; that, by the terms of act 209 of the Acts of 1920, creating Road District No. 15, it is provided by § 11 thereof that all taxes must be collected in the Northern District of Woodruff County; that, under act 111 of 1923, taxes on land in the Central District can only be collected and extended in the Central District. Appel-

lee therefore alleged that the assessment of benefits as to his lands and other lands in like position is without authority of law, and void, and that the taxes cannot be lawfully extended or collected against his land. The complaint concludes with a prayer for an order restraining Roy Mitchell, as county clerk, from extending the taxes on the assessed benefits on the taxbooks of Woodruff County against his lands in Road Improvement District No. 15, and for other equitable relief. Attached to the complaint as an exhibit is a copy of act No. 209 of the Acts of 1920.

The cause was heard on the issue raised by a general demurrer to the complaint. The court overruled the demurrer, and the defendant declined to plead further, and stood on his demurrer. Thereupon the court entered a judgment in favor of the plaintiff, from which is this appeal.

In *Wood* v. *Willey,* 139 Ark. 586, an attack was made upon an act of the General Assembly of 1919 intending to create the Grady & Arkansas River Road Improvement District of Lincoln and Jefferson counties. In that case the act was declared void because it failed to provide any machinery for the assessment and collection of betterments on the lands in Jefferson County for their proportionate share of the cost of the improvement. The appellee relies upon the authority of that case to sustain his contention that act No. 209, creating Road Improvement District No. 15, is destroyed by the provisions of a later act, act No. 111 of the Acts of 1923, which, he urges, is in direct conflict with the former act. But we cannot uphold this contention of the appellee.

In *Wood* v. *Willey, supra,* after setting out the provisions of the act and the amendment thereto, the court, in reviewing and construing the same, concludes its opinion as follows: "If it be conceded that the county court of Lincoln County might levy the tax on lands in Jefferson County, if authorized so to do by the Legislature, it is certain it cannot do so in the absence

of that authority. We are not, therefore, called upon to decide whether the county court of Lincoln County could be constituted an agency to assess all the lands of the entire district, as it was in fact constituted an agency to assess only the lands in Lincoln County. It follows therefore that no machinery has been provided to assess against the betterment of the Jefferson County lands their proportionate share of the cost of the improvement, and the act necessarily falls on that account.'' But the facts of that case are not analogous to this, and therefore the conclusion there reached is not controlling here. In that case the lands constituting the district were situated in Lincoln and Jefferson counties, two separate and wholly independent governmental agencies, and the officers in the one could not function to extend and collect the taxes assessed on the lands in the other, without at least being expressly authorized so to do, and there was no provision in the act or the amendment thereof, which at first only embraced lands in Lincoln County and was afterwards amended to include lands in Jefferson County, for taxing the lands in Jefferson County, or collecting the tax. The original act only embraced lands in Lincoln County, and was afterwards amended to include lands in Jefferson County without an alteration of its structure, so that the lands in Jefferson County might bear their proportionate share of the cost of the improvement.

Here the lands are situated wholly in Woodruff County, and when act No. 209, creating Road District No. 15, was enacted, provision was made for the assessment, extension, and collection of the taxes in the Northern District. Act 111, creating the Central Judicial District, and including therein a part of the lands formerly embraced in the territory of the Northern District, and providing that all taxes on property in the Central Judicial District should be extended on a tax-book for that district and collected therein, does not expressly, nor by implication, repeal the provisions of

the act providing for the extension and collection of taxes in the Northern District. There is no conflict in the provisions of the latter act which could be construed to repeal, by necessary implication, the provisions of the former act. On the contrary, these acts should be construed together as providing a method for extending, and collecting the taxes on the lands in Road District No. 15, situated in the Northern District in that district, and the taxes on the lands in Road District No. 15 that are situated in the Central Judicial District to be extended and collected in the Central District. The functionaries who perform these duties in the respective districts are precisely the same— the same county court, the same clerk, and the same collector. The integrity of the county in which these districts are situated, as a governmental unit, is in no wise impaired by the creation of these districts. The county, as a unit of government, is not dismembered by act 111, approved February 12, 1923. See *Bonner* v. *Jackson,* 158 Ark. 526. It was certainly not the purpose of the Legislature to destroy Road District No. 15 in the Northern District of Woodruff County by the creation of the Central Judicial District of Woodruff County. We do not find that there is any conflict in the statutes that would operate to repeal act No. 209 creating Road District No. 15 of Woodruff County by necessary implication. Both acts may stand and be enforced without conflict, and effectuate the purpose of the Legislature in enacting them.

The trial court therefore erred in overruling the demurrer and in entering a decree enjoining the appellant from extending taxes on appellee's land in Road Improvement District No. 15. The decree is reversed and the cause remanded, with directions to sustain the demurrer.