## McKNIGHT v. MITCHELL.

### Opinion delivered December 17, 1923.

1. HIGHWAYS—ASSESSMENTS.—Under Sp. Acts 1923, p. 218, § 15, creating the Central District of Woodruff County, and providing that, in matters not otherwise provided for therein, such county shall be an entire county, the levy of assessments on lands in such district is not void because made by the county court in the Northern District, as provided by Act No. 183 of the extraordinary session of 1920, creating Road District No. 16, some of the lands of which were included in the Central District, subsequently created.

2. HIGHWAYS—APPROVAL OF PLANS BY COUNTY COURT.—Act of extraordinary session of 1920, No. 183, creating Road District No. 16 of Woodruff County, which requires that the plans and specifications be filed with the county clerk, does not require that they be approved by the county court, nor does the absence of such requirement invalidate the statute.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins,* Chancellor; affirmed.

*W. J. Dungan,* for appellant.

The levy of tax is void, because the county court had not approved the plans and specifications. 145 Ark. 279. There had been no levy of taxes on lands in the Central District, which are in District No. 16. *Mitchell* v. *Jimmerson,* 160 Ark. 248.

*Roy D. Campbell, Harry M. Woods, J. F. Summers* and *Coleman, Robinson & House,* for appellee.

The approval of the plans by the county court was not necessary. 142 Ark. 52; 143 Ark. 270. The language of the decision in 145 Ark. 279, relied upon by appellant, is dictum. There is no set form of approval by the

county court; the levying of the taxes would in itself show approval. 73 Ark. 342; 76 Ark. 146. Where a limited jurisdiction is conferred by statute, the construction ought to be strict as to the extent of jurisdiction, but liberal as to the mode of proceeding. Lewis' Stat. Con., vol. 2, p. 1249; 54 Ark. 178. The statute did not expressly require approval, and to now do so would cause the court to arbitrarily supply words to the act. See 106 Ark. 522. The case relied upon by appellant, *Mitchell* v. *Jimmerson*, set at rest his contention that there was no levy of taxes in the Central District. It is not necessary that they be levied in that district, but only collected there. The road district was not destroyed by the creation of a new judicial district.

McCulloch, C. J. This case is very closely akin to the recent case of *Mitchell* v. *Jimmerson*, 160 Ark. 248, involving road districts created by special statutes identical in terms, except as to the territory and the roads to be improved. The district involved in the present controversy is Road District No. 16 of Woodruff County, which was created by act No. 183 of the General Assembly at the extra session of 1920. The statute is, as before stated, identical in terms with act No. 209 of the same session, under which Road District No. 15 of Woodruff County was created, and which was involved in the case of *Mitchell* v. *Jimmerson, supra.* The territory of both of the districts at the time of creation was situated within the Northern District of Woodruff County, and, since that time, the General Assembly, at the regular session of 1923, enacted a statute creating the Central District of Woodruff County (Special Acts of 1923, p. 210), and some of the territory in each of these two road districts is now situated within the boundaries of the Central District of Woodruff County.

The contention in the present case, as it was in the case of *Mitchell* v. *Jimmerson, supra,* is that the necessary effect of the statute creating the Central District of Woodruff County is to abolish the road districts on

account of the fact that a part of the territory was taken into the new court district without any provision for levying and collecting taxes. In the former case it was held that such was not the effect of the statute merely because of the provision of § 19, requiring that separate taxbooks shall be made out in each court district, and that the assessed benefits on lands in each district shall be extended on the taxbooks of the district in which the lands are located. The contention in the present case is that the levy of assessments on lands in Central District of Woodruff County is void because it was made by the county court sitting at Augusta, in the Northern District, and not by the court sitting at McCrory, in the Central District. This contention is unsound, for there is no requirement in either of the statutes—the one creating the road district or the later one creating the new court district—that the taxes on the lands in the new court district must be levied by the court sitting in that district. On the contrary, the statute creating the road district provides for the county court of the Northern District of Woodruff County levying the assessments. *Hill* v. *Echols*, 140 Ark. 474. The act creating the Central District of Woodruff County, as we have already said, contains no requirement for the levying of taxes of any kind by the court sitting in that district, and § 15 of that statute provides that "in all matters not otherwise provided for by the provisions of this act, the county of Woodruff shall be one entire county." This provision excludes from the terms of the act everything not included in it, and the levying of the taxes is not included.

Counsel for appellant rely on the decision in *Mitchell* v. *Jimmerson, supra,* holding that the taxes on lands in Central District must be levied by the county court sitting in that district, but such is not the effect of that decision. All that we held there was that the provision with reference to the extension of taxes on lands in the new district included improvement taxes, and that the

lands might thus be included without impairing the original statute creating the district.

We hold therefore that appellant's attack on the assessment is not sustained.

The next contention is that the district should be enjoined from further proceedings because the county court of Woodruff County has not approved the plans and specifications adopted and filed with the county clerk by the commissioners. The statute creating the district does not contain any requirement that the plans and specifications must be approved by the county court, and we have decided that such requirement in the statute is not essential to its validity. *Easley* v. *Patterson*, 142 Ark. 52; *Gibson* v. *Spikes,* 143 Ark. 270. There is, however, a provision in the statute creating this district which requires the commissioners to file the plans and specifications with the county clerk, and it is insisted that this requirement implies that the county court must approve all plans and specifications before they can be acted upon. Counsel rely upon certain language found in the decision of this court in the case of *Commissioners* v. *Quapaw Club,* 145 Ark. 279. We were then dealing with a different question, namely, whether or not the statute under consideration in that case made it compulsory upon the county court to accept and maintain a bridge built through the agency of the district, and we said that the provisions for the plans and specifications to be filed with the county court implied authority on the part of the county court to pass upon these plans. We were then dealing with the question of consent on the part of the county court, or the opportunity for the court to consent, before having the bridge and its maintenance imposed upon the county. The question now presented is of a different character or nature, and we conclude that the mere requirement for the filing of the plans and specifications with the county clerk does not imply that it is essential for the county court to make an order approving the plans before work can be begun

under those plans. The requirement for the filing of the plans with the county clerk is for another purpose, that is, to afford landowners and others interested an opportunity to inspect the plans. But, since the approval of the county court is not essential as the exercise of a part of its constitutional jurisdiction, the statute need not contain any such requirement, and such a requirement will not be implied merely because there is a provision for filing the plans with the clerk.

This disposes of the last of the appellant's contentions, and, as we find no error committed by the court in sustaining the demurrer to the complaint, the decree must be affirmed, and it is so ordered.